## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EUGENE MATTHEWS #130544** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 07-3658** |
| **STATE OF LOUISIANA** | * | **SECTION: "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DENIED WITH PREJUDICE.**

### Procedural History

Petitioner Eugene Matthews, a prisoner incarcerated in the David Wade Correctional Center, Homer, Louisiana, seeks federal habeas corpus relief from his February 27, 2003, conviction by a jury, of one count of possession of a gun while in possession of

crack (cocaine).  Matthews also seeks federal relief from his fifteen year sentence as a second felony offender, which was imposed on May 16, 2003.[1]  Petitioner directly appealed his conviction on November 12, 2003, to the Louisiana Court of Appeal, Fourth Circuit.[2]  The Louisiana Fourth Circuit affirmed the conviction and sentence on April 28, 2004.[3]  Petitioner applied for a writ of certiorari and/or review in the Louisiana Supreme Court on July 15, 2004, under No. 2004-KO-1438.  The writ was denied on November 8, 2004.[4]

Petitioner filed an application for post-conviction relief (PCR) in the trial court on or about May 2, 2005.[5]  The trial court denied relief on June 15, 2006.[6]  Petitioner applied for supervisory writs in the Louisiana Court of Appeal, Fourth Circuit which denied relief

---

[1]See State Record, Supplemental Vol. 1 of 1, Docket Master, minute entries dated February 27, 2003 and May 16, 2003.  **State of Louisiana v. Eugene Matthews,** No. 434-999, Orleans Parish Criminal District Court, State of Louisiana.

[2]**State of Louisiana v. Matthews,** No. 2003-KA-1665.  See State Record, Vol. 1 of 3, for a copy of the brief.

[3]State Record, Vol. 1 of 3, **State of Louisiana v. Eugene Matthews,** No. 2003-KA-1665 (La. App. 4th Cir. Apr. 28, 2004)(unpublished opinion).

[4]**State of Louisiana v. Eugene Matthews,** No. 2004-KO-1438 (La. Nov. 8, 2004) (See State Record Supplemental Vol. 1 of 1, for a copy of ruling).

[5]See State Record Supplemental Vol. 1 of 1 for copy of PCR.  The claims presented were that the conviction and sentence were unconstitutionally obtained because the jury verdict was fatally defective and that the verdict fails to comply with La. C.Cr.P. art. 872.

[6]**Ibid,** for a copy of the Judgment dated June 15, 2006.

2

on July 31, 2006.[7]  Thereafter, petitioner filed for review in the Louisiana Supreme Court, therein claiming that his conviction and sentence were obtained in violation of the Constitutions of the United States and the State of Louisiana, because the jury's verdict was fatally defective.  On May 18, 2007, the Louisiana Supreme Court denied relief.[8]

On or about June 28, 2007, petitioner filed the subject federal petition for a writ of habeas corpus raising one issue as follows:  that his due process rights were violated because his conviction and sentence were obtained in violation of the Constitutions of the United States and the State of Louisiana because the jury verdict was fatally defective.  In its response, the State does not contest the timeliness of the subject petition and concedes that petitioner has exhausted his state court remedies.  See **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  Respondent argues that petitioner's claims were adequately addressed by the state district court, and the state court's finding that no violations of the petitioner's rights occurred is clearly reasonable.  As such, respondent concludes that this Court should defer to the factual findings of the state court and deny petitioner relief.  Accordingly, this Court shall proceed to address the merits of petitioner's claim.

---

[7]See State Record, Vol. 3 of 3, for a copy of the ruling.  **State of Louisiana v. Eugene Matthews,** No. 06-KH-2184 (La. App. 4th Cir. July 31, 2006).

[8]See State Record, Vol. 3 of 3, for a copy of the ruling.  **State ex rel. Eugene Matthews v. State of Louisiana,** 957 So.2d 142 (No. 2006-KH-2184(La. May 18, 2007)).

### Facts and Procedural History[9]

On November 25, 2002, the State filed a bill of information charging Eugene Matthews with one count of possession of narcotics with a firearm in violation of La. R.S. 14:95(E).  Mr. Matthews pled not guilty at his arraignment on December 5, 2002.  On December 20, 2002, the trial court held a preliminary hearing on the motion to suppress.  The trial court found probable cause and denied the motion to suppress the evidence.  The case proceeded to trial on February 27, 2003, and a twelve-person jury found Mr. Matthews guilty as charged.  On March 19, 2003, the State filed a multiple bill alleging Mr. Matthews to be a fourth felony offender to which he pled not guilty.  The State withdrew one of Mr. Matthews' prior convictions on the multiple bill in exchange for his pleas of guilty to the multiple bill as a second offender.  Mr. Matthews waived all delays.  The trial court sentenced him to fifteen years at hard labor without the benefit of probation, parole or suspension of sentence.  Subsequently, Mr. Matthews lodged this appeal.

Detective Steve Payne testified that on October 23, 2003, he and his partner, Eric Smith, were conducting a surveillance at the intersection of Frenchmen and Villere

---

[9]The facts and procedural history are taken from the unpublished opinion issued on direct appeal.  **State v. Matthews,** No. 2003-KA-1665 (La. App. 4th Cir. April 28, 2004)(unpublished opinion).

4

Streets in the First District.  The area is a known drug area and the surveillance was in response to citizen complaints of drug activity.  The detectives observed Mr. Matthews exit a residence at 1404 Frenchmen Street a short distance from the intersection.  He walked to the corner of the intersection, a few minutes later an unidentified African-American male approached him.  The unidentified male gave Mr. Matthews currency in exchange for a small unknown object retrieved from his pants pocket.  Detective Payne testified he and his partner believed they had just witnessed a hand-to-hand drug transaction.  The detectives decided to continue surveillance of Mr. Matthews to see if other buyers would approach him.

When the unidentified male walked away an African-American female, later identified as Hope Howard, exited the residence at 1405 Frenchmen and approached Mr. Matthews.  At that time Mr. Matthews raised his shirt, removed a firearm from his waistband, and gave it to Ms. Howard.  As Ms. Howard walked back to the residence at 1405 Frenchmen Street the detectives ended their surveillance and approached Mr. Matthews and Ms. Howard.  According to Detective Payne, he followed Ms. Howard into the residence and Detective Smith detained Mr. Matthews at the intersection.  Upon Detective Payne's return, Detective Smith arrested Mr. Matthews for possession of a concealed weapon, and during a search incident to arrest the detective found seventy-eight dollars in U.S. currency and one small white rock like substance that appeared to be crack cocaine.

5

Harry O'Neal, of the New Orleans Police Department Crime Lab, testified the rock like substance found on the defendant tested positive for cocaine.  Detective Eric Smith gave corroborating trial testimony.

Mr. Matthews called one witness, Hope Howard.[10]  She testified at trial that the defendant visited her home on the date of their arrest but she did not exit her residence to speak to the defendant.  She stated the police forced themselves into her residence searching for narcotics, found drug paraphernalia, and arrested her.  Ms. Howard testified that she was not aware of a gun until she reached the police station where she was informed that she was being arrested for a weapons charge.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including Title 28, United States Code, Section 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1) and questions

---

[10]Ms. Howard was initially charged with illegal possession of a firearm and possession of cocaine, but was found not guilty of possession of cocaine by a judge.  She had previously been convicted of possession of cocaine three times.

of fact are reviewed under Section 2254(d)(2). **Hill v. Johnson,** 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Title 28, United States Code, Section 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

**Bell v. Cone,** 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Title 28, United States Code, Section 2254(d)(2); *see also* **Hill,** 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

7

## Analysis

(Claim 1):  THE VERDICT RENDERED IS FATALLY DEFECTIVE

Petitioner claims that his conviction and sentence were obtained in violation of the Constitutions of the United States and the State of Louisiana because the verdict of the jury was fatally defective.  In effect, petitioner claims that his due process rights were violated.

The Fourteenth Amendment to the Constitution of the United States of America provides, in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

To the extent that petitioner is claiming that the verdict is illegal under Louisiana law, the claim is not cognizable in federal habeas corpus proceedings.  A federal court may not issue the writ on the basis of a perceived error of state law unless such violations are of constitutional magnitude.  **Pulley v. Harris,** 465 U.S. 37, 41, 104 S.Ct. 871, 874-75 (1989).  Federal habeas review is limited to questions of constitutional dimension.  *See generally* **Jernigan v. Collins,** 980 F.2d 292, 298 (5th Cir. 1992), cert. denied, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d 675 (1993); **Castillo v. Johnson,** 141 F.3d 218, 222 and

224 (5th Cir.), cert. denied, 524 U.S. 979, 119 S.Ct. 28, 141 L.Ed.2d 788 (1998).

Specifically, petitioner maintains that his trial jury reported, via a note, to the trial judge that

they were deadlocked and needed further instructions.[11]   Petitioner claims that someone

scratched out the reference to the vote.   The jury returned for instructions in open court at

3:45 p.m. and retired for further deliberations at 3:52 p.m.   At 4:43 p.m. the jury returned for

instructions and thereafter retired to deliberate at 4:47.   The jury returned its verdict at 5:00

p.m. finding petitioner guilty of possession of a firearm with narcotics.[12]

        Moreover, further review of the record shows that the trial judge polled the jury

after receiving the verdict as follows:

**THE COURT:**

        Let the record reflect that all 12 jurors have returned to
court.   The defendant is present with his counsel as are
representatives of the DA's office.


        Ladies and gentlemen, have you reached a verdict?

**FOREMAN:**

        Yes, Your Honor.   We the jury find Eugene
Matthews guilty.


**THE COURT:**

---

[11]See State Record, Vol. 2 of 3, for copy of Jurors' note.

[12]See State Record, Vol. 1 of 3, minute entry dated February 27, 2003, page 2.

> I have reviewed the polling slips and at least 10 of
> the  jurors have found Eugene Matthews guilty while in
> possession of a firearm.  I have sealed the polling slips
> and I will have the verdict entered into the record.

See State Record, Vol. 1 of 3, Transcript of trial page 85.

Petitioner claims that he later found out that the polling sheet[13]  contained a scratch out of what was a "NO" vote altered to a "YES vote."  Moreover, petitioner argues that this altered vote determined his fate, and that the name on the polling sheet D. Martinez was not on the trial minute entry which contained the name of Dellis Murray.[14]  Respondent agrees that the polling sheet contains a scratch-out but that it is not a "No" vote.  Review of the polling sheet apparently shows that the letters"G-U-I-L" were scratched out.  Respondent suggests that the question being asked was not "WHAT IS <u>YOUR</u> <u>VERDICT</u>" but rather "IS THIS YOUR VERDICT", as a possible explanation for the scratch-out.

The trial judge addressed the claim during post-conviction proceedings, by examining the state court record and obtaining a written certification from juror Dellis Murray as follows:

---

[13]See State Record, Vol. 2 of 3, for a copy of the jury polling sheet.

[14]See State Record, Vol. 2 of 3, for a copy of the trial minute entry dated February 27, 2003.

CERTIFICATION

I Dellis Murray Martinez hereby certify the following:

1.  On February 27, 2003, I served as a juror in the matter entitled "State of Louisiana v. Eugene Matthews."

2.  My married name is Martinez and my maiden name is Murray.

3.  I am the juror who signed "D. Martinez" on the polling slip sheet to indicate that I agreed with the verdict.

| 10-26-05 | Signed |
|----------|--------|
| Date | D. Murray Martinez |

(See State Record Supplemental, Vol. 1 of 1,  for a copy of the Certification.)

Petitioner argues that the Certification is invalid because it was not a sworn statement and that it was not notarized.  Moreover, petitioner further argues that the certification amounted to an ex parte communication with a juror held outside of petitioner's presence and without his consent.  Respondent pointed out that Louisiana Code of Criminal Procedure article 929, allows a district court, when considering an application for post-conviction relief, to authorize civil discovery procedures.  (i.e., Louisiana Code of Civil Procedure, Article 1420, provides for signing (certification) of discovery request responses or objections.)  Additionally, Article 929 provides for summary disposition without the defendant's presence.  The trial court utilized the procedure as provided for under state law.

The trial judge issued the following Judgment, in pertinent part:

...

In his application, Mr. Matthews contends that the guilty verdict is defective.  More specifically, he maintains that someone named "D. Martinez" served on the jury that convicted him by a 10-2 vote, and that no one by that name was selected to serve on the jury.  As he so colorfully phrases it, a "switch a roux" was perpetrated at some point during either the testimony or the deliberations phase.

At first glance, there does appear to be an inconsistency between the polling slips and the list of jurors contained in the trial minute entry.  The latter reveals that the seventh juror selected was Dellis M. Murray, while the former makes no mention of a Murray participating in the deliberations. However, as is reflected by the attached certification, Mrs. Martinez, nee Murray used her married named (sic) when she signed the polling slip, even though the minute entry identified her as "Dellis Murray", her maiden name.  The polling slips indicate that "D. Martinez responded "yes" when asked if the verdict of guilty of possession of a firearm while in possession of narcotics was her individual verdict. Consequently, there was no chicanery in reaching the verdict.  Accordingly, this request for relief is DENIED.

New Orleans, LA, this 15th day of June 2006.

See State Record, Vol. 2 of 3, for copy of Judgment.

Petitioner's claim was addressed on the merits by the state district court and which gave written reasons for its judgment denying relief.  The state appellate court and supreme court also denied relief.

Petitioner fails to show that the facts as found by the state court were unreasonable in light of the evidence presented.  See Title 28, United States Code, Section 2254(d)(2).  There was no violation of federal due process of law rights as provided by the Fourteenth Amendment.  Petitioner's claim lacks merit.

### RECOMMENDATION

It is hereby RECOMMENDED that the application for federal habeas corpus relief filed on behalf of petitioner, Eugene Matthews, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __11th__ day of _____March_____, 2008.


LOUIS MOORE, JR.
United States Magistrate Judge

13