UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE MATTHEWS | CIVIL ACTION |
| VERSUS | NO. 07-3658 |
| LOUISIANA STATE ET AL. | SECTION: "R" (6) |

**ORDER AND REASONS**

This matter is before the Court to determine whether the Court should reconsider its judgment dismissing petitioner's habeas corpus petition with prejudice and whether a certificate of appealability should be issued on petitioner Eugene Matthews' *habeas* claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b). For the following reasons, the Court DENIES both motions.

**I.   PROCEDURAL BACKGROUND**

Petitioner, Eugene Matthews, is a prisoner at the David Wade Correctional Center in Homer, Louisiana. On February 27, 2003, Matthews was convicted by a jury of possession of a gun while in possession of crack cocaine. On May 16, 2003, the state trial court sentenced petitioner as a second felony offender to fifteen years imprisonment. On April 28, 2004, the Louisiana Fourth Circuit Court of Appeal affirmed Matthews' conviction and sentence. Petitioner then filed with the Louisiana Supreme Court an application for writ of certiorari and/or review, which was denied on November 8, 2004.

On May 2, 2005, petitioner filed an application for post-conviction relief, which the state district court denied on June 15, 2006. Matthews applied for supervisory writs with the Louisiana Fourth Circuit Court of Appeal, which the court denied on July 31, 2006. He next filed with the Louisiana Supreme Court an application for supervisory and/or remedial writs, which the court denied on May 18, 2007.

Matthews filed a petition for habeas corpus relief in this Court on June 28, 2007. In support of his application, petitioner claimed the following: "Defendant contends that his conviction and sentence had herein were obtained in violation of the Constitution of the U.S. and State of Louisiana, in that the verdict of the jury is fatally defective." On May 11, 2008, the Magistrate Judge issued his Report and Recommendations and recommended that the habeas petition be denied with prejudice. The Magistrate further notified petitioner that failure to file written objections within 10 days after being served with a copy would bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. On May 28, 2008, over two and a half months later, the Court noted that petitioner had not filed any objections and adopted the Magistrate's Report and Recommendations. On June 18, 2008 petitioner moved for

reconsideration of the Court's judgment and also moved for a certificate of appealability.

**II.   DISCUSSION**

    **A.   Reconsideration**

Petitioner moves the Court to reconsider its Judgment entered May 30, 2008 dismissing his habeas corpus petition with prejudice.  Petitioner suggests that he did not have sufficient time to submit objections to the Magistrate Judge's Report and Recommendations.  The Court does not find that there is good cause for it to vacate its Order adopting the Magistrate Judge's Report and Recommendations or its Judgment dismissing Matthews' petition.  The Magistrate Judge's Report and Recommendations put petitioner on notice that failure to file objections within ten days after being served with a copy of his proposed findings, conclusions, and recommendation would bar petitioner from attacking those findings and conclusions on appeal, except upon grounds of plain error.  Petitioner did not move the Court for an extension of time to file his objections, but waited to ask the Court for an extension after the Court had already adopted the Report and Recommendations and two and half months after the Magistrate issued his Report and Recommendations.

Further, petitioner does not state that the Magistrate's Recommendation is incorrect or provide any reasons why the Court should vacate its Judgment, other than that he would like time to research and prepare objections. As discussed below, petitioner's certificate of appealability indicates that he now intends to pursue claims that were not raised in his habeas petition. The Court will not vacate its Judgment dismissing the habeas petition to allow petitioner to pursue new claims. Accordingly, petitioner's motion for reconsideration is denied.

**B.    Certificate of Appealability**

The Court may not issue a certificate of appealability. Matthews has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). Having reviewed its May 28, 2008 Order adopting the Magistrate's Report and Recommendations, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues.

Further, the Court finds Matthews' new contentions that he was denied due process and denied effective assistance of counsel untimely. These issues were not raised in Matthews' habeas corpus petition or his traverse to the state's response to his habeas petition. As a general rule, contentions urged for the first time to the Court of Appeals are not properly addressed to receive relief under 28 U.S.C.A. § 2254. *Messelt v. Alabama*, 595 F.2d 247, 250 (5th Cir. 1979). "From a standpoint of orderly judicial procedure, [the Court of Appeals'] function in such appeals is clearly limited to reviewing matters which have been presented to the District Court." *Id.* at 250-51.

Finally, the Court finds that Matthews has waived his right to appeal the Court's judgment, except upon grounds of plain error, because he failed to file written objections to the Magistrate's proposed factual findings and legal conclusions. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

For the foregoing reasons, the Court finds that a certificate of appealability should not issue.

New Orleans, Louisiana, this 25th day of July, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE